# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Harleysville Insurance Company,     Civil No. 10-2591 (DWF/AJB)

    Plaintiff,

v.             **MEMORANDUM**
             **OPINION AND ORDER**

Physical Distribution Services, Inc.
d/b/a Labor Services Company;
and Miller Transporters, Inc.,

    Defendants.

_____

Andrea E. Reisbord, Esq., and Tamara L. Novotny, Esq., Cousineau McGuire Chartered, counsel for Plaintiff.

Alyson M. Palmer, Esq., and Donald Chance Mark, Jr., Esq., Fafinski Mark & Johnson, PA, and Charles A. Delbridge, Esq., and Joseph J. Christensen, Esq., Christensen & Laue, P.A., counsel for Defendant Physical Distribution Services, Inc.

Thomas G. Drennan, Esq., Tressler LLP, and Robert E. Salmon, Esq., Meagher & Geer, PLLP, counsel for Defendant Miller Transporters, Inc.

_____

# INTRODUCTION

   This matter is before the Court on Defendant Miller Transporter, Inc.'s ("Miller")

Motion for Defense Costs (Doc. No. 63).  For the reasons set forth below, the Court

grants Miller's motion in part and denies it in part.

## BACKGROUND

On January 30, 2012, this Court issued an order on the parties' respective motions for summary judgment.  (Doc. No. 62.)  The Court concluded that Physical Distribution Services, Inc., d/b/a Labor Services Company ("PDSI") and Miller are entitled to judgment in part as a matter of law and that Harleysville Insurance Company ("Harleysville") is not entitled to judgment on its claim for declaratory relief.  (*Id.* at 11.) Specifically, the Court determined that PDSI is obligated to indemnify Miller for its settlement of the West Virginia action in the amount of $300,000 and that Harleysville is obligated to provide coverage for the settlement.  (*Id.* at 11.)  The Court further ordered the parties to negotiate, in good faith, the issue of Miller's claim for reimbursement of $104,337 in attorney fees.  (*Id.* at 12.)  The Court noted, in a footnote, that the Harleysville general commercial liability policy at issue (the "Policy") deems "reasonable attorney fees and necessary litigation expenses" to be "damages because of 'bodily injury' or 'property damage.'"  (*Id.* at 8, n.2.)  Additionally, the Court asked the parties to each indicate, in writing, whether by stipulation or by letter to the Court, their respective positions regarding the status of Defendant Jonathan Hughes as a party to this action.[1] (*Id.* at 12.)

On February 13, 2012, Miller filed a motion for attorney fees and defense costs.

---

[1]     On February 14, 2012, Harleysville, PDSI, and Miller stipulated to the dismissal with prejudice of Defendant Jonathan Hughes as a party to this action.  (Doc. No. 67.) On February 16, 2012, the Court ordered the dismissal with prejudice of this matter as to only Defendant Hughes, and judgment was entered accordingly.  (Doc. Nos. 69 & 70.)

(Doc. No. 63.)  In its motion, Miller amended its previous request and now seeks an order

requiring Harleysville to reimburse Miller for "defense costs related to the Hughes

Action, in the amount of $122,773.78." (*Id.*)  On February 21, 2012, Harleysville

submitted a memorandum in opposition to Miller's request.  (Doc. No. 71.)  Harleysville

opposes an award in the amount now requested by Miller and indicates that, on

February 10, 2012, Harleysville agreed to stipulate to an award of attorney fees and costs

totaling $104,337.  (*Id.* at 1, 5.)  Miller concedes that Harleysville "offered to stipulate

that $104,337 of Miller's defense costs were reasonable."  (Doc. No. 65, Drennan Decl.,

¶ 6.)

## DISCUSSION

In determining reasonable attorney fees, the Court begins by calculating the

"lodestar"—the product of the number of hours reasonably expended on the litigation and

the reasonable hourly rate at which those hours should be billed.  *Hensley v. Eckerhart*,

461 U.S. 424, 433 (1983).  The reasonableness of a fee depends upon a number of

factors, including a party's overall success; the necessity and usefulness of the party's

activity in the particular matter for which fees are requested; and the efficiency with

which the party's attorneys conducted that activity.  *Jenkins v. Missouri*, 127 F.3d 709,

718 (8th Cir. 1997).

Miller's counsel supports its request for fees with billing records setting forth the

time expended on the matter.  (Doc. No. 66, Sanders Decl.)  Harleysville does not

challenge the listed hourly rates or specific costs, but rather asserts that the increased total

recovery amount of $122,773.78 sought is unreasonable.  In particular, Harleysville disputes Miller's claim to costs and fees incurred after the April 2011 settlement of the West Virginia action.  Harleysville maintains that the costs and fees awarded to Miller with respect to the West Virginia action should not exceed the $104,337 previously agreed to.

The Court has reviewed the billing records[2] and the parties' arguments and finds that Miller's request contains charges that are excessive.  The Court concludes, however, that an award of $104,337 in costs and fees, as agreed to by Harleysville, is fair and reasonable.  The Court further concludes that fees and costs in the amount of $104,337 constitute "reasonable attorney fees and necessary litigation expenses" under the Policy. Therefore, the Court awards a total of $104,337 in attorney fees and costs to Miller with respect to the West Virginia action.  Consequently, Harleysville shall reimburse Miller for $104,337 in defense costs.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Miller's Motion for Defense Costs (Doc. No. [63]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

---

[2]    The Court notes that it is unable to evaluate the reasonableness of each and every billing entry included in Miller's invoices given Miller's redaction of various entries, which presumably correspond to Miller's "voluntary reductions."  (*See* Sanders Decl. ¶ 9, Ex. A; Doc. No. 64 at 2.)

      a.     To the extent Miller seeks reimbursement for costs and fees in the amount previously requested, the motion is **GRANTED**. Harleysville shall reimburse Miller in the total amount $104,337 for attorney fees and costs related to the West Virginia action.

      b.     To the extent Miller seeks any additional fees or costs, the motion is **DENIED**.

2.     Consistent with this Court's January 30, 2012 Memorandum Opinion and Order on the motions for summary judgment (Doc. No. [62]), the Court orders the following:

      a.     Harleysville is obligated to provide coverage for Miller's settlement of the West Virginia action.

      b.     Harleysville shall reimburse Miller for its settlement of the West Virginia action in the amount of $300,000 and for $104,337 in attorney fees and costs related to that action, for a total reimbursement amount of $404,337.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  February 23, 2012          s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge